UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEARA JOHNSON,

                Plaintiffs,

            -against-

THE CITY OF NEW YORK, DET. ANTHONY
DISIMONE, Shield #340, individually and in his
Official Capacity, and P.O.'s "JOHN DOE" #1-10,
individually and in their Official Capacity
(the name John Doe being fictitious, as the true
names are presently unknown).

                Defendants.
------------------------------------------------------------X

**COMPLAINT**

**16 CV 8984**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff SEARA JOHNSON, by her attorney, The Law Office of Robert W. Georges, Esq. complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SEARA JOHNSON is an African American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned DET. ANTHONY DISIMONE and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendant alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. As of February 20, 2013, plaintiff had never previously been arrested or charged with a criminal offense.

14. As of February 20, 2013, plaintiff was employed full-time as a Housekeeping Aide at New York Presbyterian Hospital in Manhattan where she continues to be employed at the present time.

15. On or about February 20, 2013, plaintiff resided at 987 Union Avenue, Apartment 3G, Bronx, New York with her mother and daughter.

16. On or about February 20, 2013 at approximately 6:45 AM, plaintiff was lawfully present in the premises known as 991 Union Avenue, apartment #4D, in the County of the Bronx, State of New York.

17. On or about February 20, 2013 at approximately 6:45 AM, plaintiff was an invited guest of Jihad Elmore and not a tenant at 991 Union Avenue, apartment #4D, in the County of the Bronx, State of New York.

18. At the aforementioned time and place, defendant police officers hammered the door of apartment 4D at 991 Union Avenue, Bronx, New York using a ram device to gain entry.

19. Upon information and belief, the police officers did not enter pursuant to a valid search or arrest warrant.

20. Upon information and belief, the police officers did not provide a copy of said warrant to plaintiff upon repeated requests.

21. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

22. Upon information and belief, the plaintiff was NOT listed or described as a target, subject or suspect on any application for any warrant.

23. On or about February 20, 2013 at approximately 6:45 AM, defendant police officers aggressively entered the apartment with their guns drawn and flash lights on, terrorizing plaintiff and the other individuals in the apartment.

24. Plaintiff immediately complied with defendants' commands and went to the living room where she was immediately placed in handcuffs.

25. While plaintiff was in custody, defendant police officers searched the entire apartment.

26. Notwithstanding the lack of any evidence or contraband found on plaintiff or or within her custody and control, defendants arrested plaintiff (along with the other individuals in the apartment) and charged everyone with Criminal Possession of a Controlled Substance in the Third Degree and related charges.

27. The plaintiff never possessed or controlled any contraband or controlled substances.

28. The plaintiff did not and never has resided in the subject apartment.

29. At the time of plaintiff's arrest, she was in possession of a valid government

identification card which reflected that her home address was 987 Union Avenue, Apt 3G, Bronx, New York.

30. As a result of her unlawful arrest, plaintiff spent approximately thirty (30) hours in jail before appearing in front of a judge for her arraignment on the above stated charges.

31. In connection with the plaintiff's arrest, defendants filled out false and misleading police reports and forwarded them to the prosecutors at the Bronx County District Attorney's Office.

32. Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

33. As a result of her unlawful arrest, the plaintiff then spent approximately three (3) years making numerous court appearances before all of the charges were dismissed against her on March 15, 2016.

34. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff of the rights, privileges and

immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended

6

period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER U.S.C. § 1983

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants misrepresented and falsified evidence before the District Attorney.

46. Defendants did not make a complete and full statements of facts to the District Attorney.

47. Defendants withheld exculpatory evidence from the District Attorney.

48. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

49. Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

50. Defendants acted with malice in initiating criminal proceedings against plaintiff.

51. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

52. Defendants lacked probable cause to continue criminal proceedings against plaintiff.

53. Defendants acted with malice in continuing criminal proceedings against plaintiff.

54. Defendants misrepresented and falsified evidence throughout all phases of

7

criminal proceedings.

55. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff SEARA JOHNSON's favor on or about March 15, 2016, when all charges against her were dismissed.

56. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear of her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

59. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, a) obtaining no-knock warrants misrepresenting to judges the reliability of information received from confidential informants; b) entering the premises at a time not authorized in the warrant, c) arresting any and all individuals in said premises regardless of probable cause, and d) refusing to present the warrant to individuals upon request.

60. The forgoing customs, policies, usages, practices, procedures and rules of the

8

City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and detained, and subjected to excessive force.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

64. The acts complained of deprived plaintiff of her rights:

    A. Not to be deprived of liberty without due process of laws;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

    D. To be free from unlawful search;

    E. Not to have summary punishment imposed upon them; and

    F. To receive equal protection under the law.

65. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE,** plaintiff SEARA JOHNSON, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars

($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
November 18, 2016

                                        Respectfully submitted,

                                        The Law Office of
Robert W. Georges, Esq.

By: /s/ Robert W. Georges
Robert W. Georges
The Woolworth Building
233 Broadway, Suite 1800
New York, New York 10279
Tel (212) 710-5166
Fax (212) 710-5162

| | |
|---|---|
| INDEX NO. | YEAR |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEARA JOHNSON,

                              Plaintiffs,

      -against-

THE CITY OF NEW YORK, DET. ANTHONY DISIMONE, Shield No. 340, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

                              Defendants.

## SUMMONS AND COMPLAINT

### THE LAW OFFICE OF ROBERT W. GEORGES, ESQ
*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
233 Broadway – Suite 1800
New York, New York 10279
Tel. (212) 710-5166

_____

Signature (Rule 130-1.1a)

_____

Print Name Beneath

To
Attorney(s) for Defendants

_____

Service of a copy of the within is hereby admitted.        Dated

        _____

Attorney(s) for
_____

PLEASE TAKE NOTICE

  ◻    NOTICE OF ENTRY

        that the within is a (certified) true copy of a
        duly entered in the office of the clerk of the within named court on        20

  ◻    NOTICE OF SETTLEMENT

        that an order                                    of which the within is a true copy
        will be presented for settlement to the HON.        one of the judges of the
        within named Court, at
        on                  20            at